FILED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA   18 JUL 24  AM 10: 14
JACKSONVILLE DIVISION

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FL

JOHN KOGUT,                    )
                               )
        Plaintiff              )
                               ) Case No.: 3:18-cv-897-J-32PDB
    v.                         )
                               ) COMPLAINT AND DEMAND FOR
DIVERSIFIED CONSULTANTS,       ) JURY TRIAL
INC..                          )
                               ) (Unlawful Debt Collection Practices)
        Defendant              )

## COMPLAINT

JOHN KOGUT ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against DIVERSIFIED CONSULTANTS, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Florida Statute §559.55 *et seq.* ("FCCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate

United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Fla. Stat. ("FCCPA"), § 559.55, et seq., because those claims share a common nucleus of operative facts with Plaintiff's claims under the TCPA and FDCPA. See LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. 2010).

4. Defendant conducts business in the State of Florida and as such, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

6. Plaintiff is a natural person residing in Jacksonville, Florida 32218.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Plaintiff is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(8).

10. Defendant is a national debt collection company with its corporate headquarters located at 10550 Deerwood Park Blvd., Ste. 309, Jacksonville, FL

32256.

11. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

12. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

13. Defendant is a "creditor" as that term is defined in the FCCPA, Fla. Stat. § 559.55(5).

14. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

15. Plaintiff has a cellular telephone.

16. Plaintiff has only used this phone as a cellular telephone.

17. Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

18. Plaintiff has never incurred any debts in connection with a business or commercial activity, and, therefore, the alleged debt, if truly an obligation owed by Plaintiff, could have arisen only from an obligation for primarily personal, family, or household purposes.

19. Beginning in or before April 2017 and continuing through late July 2017, Defendant contacted Plaintiff on his cellular telephone seeking and demanding payment of alleged debts.

20. Defendant's harassing debt collection calls derived from numbers including, but not limited to, (904) 717-8934. The undersigned has confirmed that this number belongs to the Defendant.

21. Plaintiff knew that Defendant was the caller because he spoke to male collectors from this company who identified themselves as calling from Defendant and who specifically asked for Plaintiff.

22. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or prerecorded messages.

23. Plaintiff knew Defendant was using an automatic telephone dialing system as each call began with a noticeable delay or silence with no caller on the line before a representative picked up the phone or the call terminated.

24. Defendant was not calling for "emergency purposes", but instead to try to collect an alleged debt.

25. Desiring to stop Defendant's repetitive calls, Plaintiff spoke to Defendant in or around April 2017 and requested that Defendant stop calling him.

26. Defendant ignored Plaintiff's request to stop calling and continued to

4

call Plaintiff's cellular telephone through late July 2017.

27. Plaintiff told Defendant to stop calling several more times, but the calls still continued.

28. Once Defendant was informed that its calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

## COUNT I
## **DEFENDANT VIOLATED §1692 d and d(5) OF THE FDCPA**

29. A debt collector violates § 1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

30. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

31. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it repeatedly called Plaintiff within the one year period preceding the filing of this Complaint on his cellular telephone despite Plaintiff's repeated requests to stop calling and knowing its calls were unwanted.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

32. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

33. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

34. Defendant's calls to Plaintiff were not made for emergency purposes.

35. After Plaintiff told Defendant to stop calling, Defendant knew or should have known it did not have consent to call and/or that any consent it thought it had was revoked.

36. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

37. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

38. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT III
## DEFENDANT VIOLATED THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

39. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

40. Any person attempting to collect a consumer debt violate § 559.72(7) by willfully communicating with the debt with such frequency as can reasonably be expected to harass the debtor or willfully engaging in other conduct which can be reasonable excepted to abuse or harass, the debtor, such as causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass.

41. Defendant violated § 559.72(7) when it placed repeated and continuous telephone calls to Plaintiff despite knowing its calls were unwanted.

WHEREFORE, Plaintiff, JOHN KOGUT, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) and Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

    d.    All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    e.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    f.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    g.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    h.    Statutory damages of $1,000.00 pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77; and

    h.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JOHN KOGUT, demands a jury trial in this case.

|   |   |
|---|---|
| Dated: July 23, 2018 | RESPECTFULLY SUBMITTED,<br><br>By: /s/ Amy L. Bennecoff Ginsburg<br>Amy L. Bennecoff Ginsburg<br>Fla. Bar No.: 1002337<br>Kimmel & Silverman, P.C<br>30 East Butler Pike<br>Ambler, PA 19002<br>Telephone: (215) 540-8888<br>Facsimile (215) 540-8817<br>Email: aginsburg@creditlaw.com<br>Attorney for Plaintiff |